IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT DUANNE FRANKLIN,

    Plaintiff,

  v.

G. DUDLEY, et al.,

    Defendants.

NO. CIV 08-1223BHS

ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

      This matter comes before the Court on Defendants' motion for partial dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 28). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

      On September 17, 2007, Plaintiff filed this action against Defendants. Dkt. 1 On January 22, 2009, this matter was reassigned to the undersigned as a visiting judge. Dkt. 13. On October 9, 2009, Defendants filed the instant motion. Dkt. 25. On November 9, 2009, Plaintiff responded to the partial motion to dismiss. Dkt. 28. On November 20, 2009, Defendants replied. Dkt. 29.

## II. DISCUSSION

      As it pertains to the instant motion, the parties do not dispute the relevant facts. Compare Dkts. 25 with 29. Plaintiff does not dispute Defendants' review of Plaintiff's allegations, as follows:

ORDER – 1

> [Plaintiff] is an inmate at High Desert State Prison (HDSP). Prior to his arrival at HDSP, he was taking narcotic pain medication that he needed to function. Upon his arrival at HDSP, although medical staff was aware of what medication he had been receiving, they refused to provide him with this medication. Defendants MILLER and ROCHE, alleges the plaintiff, intended to cause harm to the plaintiff by refusing him his medication. [Plaintiff] has been taking these medication for almost 20 years and he has made repeated requests that they be provided to him at HDSP. In his complaint, the plaintiff states that in passing the ADA and RA, Congress has articulated it's [sic] judgment that discrimination against individuals with disabilities will not be tolerated. In enacting the RA and ADA, Congress intended to eliminate discrimination against individuals with discrimination as it had earlier passed legislation [sic] mandating equal treatment of African-Americans.

*See* Dkt. 25-2 at 2 (citing Dkt. 1 at 1-2).

Defendants contend that Plaintiff is asserting that Defendants are individually liable for their alleged acts under the American Disabilities Act ("ADA") and section 504 of the Rehabilitation Act ("RA"). *See* Dkt. 25-2. Plaintiff contends he never asserted such claims in his complaint. Dkt. 29 at 1-2. Rather, Plaintiff contends that his 42 U.S.C. § 1983 complaint alleges liability only under the Eighth Amendment. *Id*. However, Defendants make clear that their instant motion does not address Plaintiff's Eighth Amendment claim. Dkt. 25-2 at 1, n.1. To the extent Plaintiff makes out a claim against Defendants, individually, under the ADA or RA, the Court decides this issue herein.

**A.     Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are

construed in the light most favorable to the non-moving party. *Marceau v. Balckfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The court must also assume that general allegations embrace the necessary, specific facts to support the claim. *Smith v. Pacific Prop. and Dev. Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004).

**B.     Title II of the ADA and Section 504 of the RA**

To the extent Plaintiff alleges a 42 U.S.C. § 1983 claim for damages against Defendants in their individual capacities as state officials, he appears to do so under Title II of the ADA and Section 504 of the RA. *See* 42 U.S.C. § 12111, et seq. (ADA, title II); *see also* 29 U.S.C. § 794, as amended (RA). The Ninth Circuit has held that "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." *Vinson v. Thomas*, 288 F.3d 1145, 1146 (9th Cir. 2002).

Therefore, to the extent Plaintiff makes such a claim, it fails for failure to state a claim for which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' motion for partial dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 28) is **GRANTED**.

DATED this 4th day of February, 2010.

BENJAMIN H. SETTLE
United States District Judge