**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT DUANE FRANKLIN,<br><br>    Plaintiff,<br><br>vs.<br><br>G. DUDLEY, M. MILLER, S.M. ROCHE,<br><br>    Defendants. | CASE NO: 2:08-CV-01223-BHS<br><br>**DISCOVERY AND SCHEDULING ORDER** |

The Court hereby strikes its previous initial order (Dkt. 38) and issues the following: Defendants MILLER and ROCHE have answered the complaint. Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed in accordance with paragraphs 1-5 of this order.

At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is the plaintiff's responsibility to produce all of the evidence to prove the claims, whether that evidence is in the form of exhibits or witness testimony. If the plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

**I. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily**

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that:

   1. The prospective witness is willing to attend; and

   2. The prospective witness has actual knowledge of relevant facts.

With the pretrial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must:

    1. State the name, CDC Identification number, and address of each such witness; and

    2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

    1. The party can swear by affidavit that the prospective witness has informed the party that he is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness; or

    2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

    1. The party can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

    2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the

prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

## II. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

## III. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

## IV. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, not earlier than four weeks and not later than two weeks before trial, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of the Court.) Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated

witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness' travel expenses. A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00, and a copy of the court's order granting plaintiff in forma pauperis status. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. The Court's previous minute order regarding initial deadlines (Dkt. 38) is **STRICKEN**.

2. Discovery requests shall be served by the party seeking the discovery on all parties to the action. Discovery requests shall not be filed with the court except when required by Local Rules 250.1, 250.2, 250.3 and 250.4.

3. Responses to written discovery requests shall be due forty-five days after the request is served.

4. The parties are cautioned that filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that the action be dismissed or the answer stricken.

5. Pursuant to Federal Rule of Civil Procedure 30(a), defendants may depose plaintiff and any other witness confined in a prison upon condition that, at least fourteen days before such a deposition, defendants serve all parties with the notice required by Fed. R. Civ. P. 30(b)(1).

6. If disputes arise about the parties' obligations to respond to requests for discovery, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 134, 135, 130, 131, 110, 142, and 230(l) of the Local Rules of Practice for the United States District Court, Eastern District of

California; unless otherwise ordered, Local Rule 251 shall not apply. Filing of a discovery motion that does not comply with all applicable rules may result in imposition of sanctions, including but not limited to denial of the motion.

If an attorney has filed a document with the court on behalf of any defendant, then plaintiff must serve documents on that attorney and not on the defendant. See Fed. R. Civ. P. 5(b).

7. The parties may conduct discovery until **February 16, 2012**. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

8. All pretrial motions, except motions to compel discovery and motions in limine, shall be filed on or before **March 19, 2012**.

If a motion for summary judgment is filed, Rule 56 tells one what one must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of plaintiff's case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end plaintiff's case. When a defendant files a motion for summary judgment which is properly supported by declarations (or sworn testimony), the plaintiff cannot simply rely on what the complaint says. Instead, a plaintiff must set out specific facts in declarations, depositions and answers to interrogatories, or authenticated documents, as provided in Rule 53(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If the plaintiff does not submit his or her own evidence in opposition, summary judgment, if appropriate, may be entered against the plaintiff. If summary judgment is granted, the plaintiff's case against the moving defendant will be dismissed and there will be no trial as to that defendant.

1  United States District Court, Eastern District of California, Local Rule 260(b)
2  states: "Any party opposing a motion for summary judgment or summary adjudication
3  shall reproduce the itemized facts in the Statement of Undisputed Facts and admit
4  those facts that are undisputed and deny those that are disputed, including with each
5  denial a citation to the particular portions of any pleading, affidavit, deposition,
6  interrogatory answer, admission or other document relied upon in support of
7  that denial. The opposing party may also file a concise 'Statement of Disputed Facts,'
8  and the source thereof in the record, of all additional material facts as to which there is
9  a genuine issue precluding summary judgment or adjudication. The opposing party
10 shall be responsible for the filing with the Clerk of all evidentiary documents cited in the
11 opposing papers. See L.R. 5-133(j). If a need for discovery is asserted as a basis for
12 denial of the motion, the party opposing the motion shall provide a specification of the
13 particular facts on which discovery is to be had or the issues on which discovery is
14 necessary."

15 Plaintiff must include with the opposition a copy of any documents cited in his or
16 her denial of defendant's facts or in plaintiff's own statement of genuine issues.
17 Dated: 11/3/11

BENJAMIN H. SETTLE,
United States District Judge