UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROBERT DUANE FRANKLIN,

        Plaintiff,

    v.

G. DUDLEY, et al.,

        Defendants.

CASE NO. C08-1223BHS

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants' motion for summary judgment. Dkt. 42. The Court has considered the pleadings filed in support of and opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

Plaintiff Robert Duane Franklin ("Franklin") filed the complaint in this action on September 17, 2007 alleging claims against Defendants G. Dudley ("Dudley"), M. Miller ("Miller"), and S.M. Roche ("Roche") (collectively, "Defendants") for violations of 42 U.S.C. § 1983 based on their actions in "deliberately and intentionally interfering with [Franklin's] medical treatment, by depriving [him] of narcotic pain medication." Dkt. 1.

On March 11, 2008, Franklin filed an amended complaint in a separate action against Dudley, Miller, and Roche also alleging violations of § 1983, specifically that he

1 was denied narcotic pain medication by Dudley on March 22, 2007, at High Desert State

2 Prison ("HDSP"), a medication that he had been previously given at Folsom State Prison.

3 *See Franklin v. Dudley, et al.*, Case No. 2:07-CV-2259.  On April 10, 2008, the Court

4 issued an order stating that service in the action was only appropriate as to Dudley.  *Id.*

5 On September 30, 2011, the Court granted Dudley's motion for summary judgment

6 holding that there was no evidence that the medication Franklin was receiving was

7 insufficient to treat his pain, that a reasonable fact finder could not conclude that Dudley

8 was deliberately indifferent to Franklin's medical needs, and ultimately concluded that

9 Franklin failed to establish any triable issues of material fact regarding Dudley's violation

10 of his Eighth Amendment rights.  *Id.* at Dkt. 96.

11     Because Franklin does not dispute any material facts contained in Defendants'

12 "Statement of Facts" section, the Court will adopt those facts as undisputed unless

13 otherwise noted.  *See* Dkt. 42-1 at 5-10.

## II. DISCUSSION

15     Defendants[1], in their motion for summary judgment, argue that Franklin's

16 claims must be dismissed for the following reasons: (1) the issues involved are precluded

17 from being relitigated under the doctrine of collateral estoppel, (2) Franklin has failed to

---

[1] The Court notes that Dudley was never served in this action and therefore, any claims alleged against him in Franklin's complaint could be dismissed by the Court for failure to comply with Rule 4 of the Federal Rules of Civil Procedure.  However, regardless of the lack of service of process on Dudley, Franklin's claims against Dudley are precluded under the doctrine of collateral estoppel for the same reasons his claims against Smith and Roche are precluded under such doctrine as discussed herein.  Therefore, the Court will consider the motion for summary judgment on behalf of all three Defendants.

submit any evidence to support his claim that Roche and Miller were deliberately indifferent to his medical needs, and (3) Miller is entitled to qualified immunity.

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual

issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.   Collateral Estoppel**

To foreclose re-litigation of an issue under federal law: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.  *Triveno v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996), *cert. denied*, 520 U.S. 117 (1997).  "Collateral estoppel applies not only against actual parties to prior litigation, but also against a party that is in privity to a party in previous litigation." *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011).

In Franklin's prior case, 2:07-CV-2259, he raised the same allegation present in the instant action, that he was denied narcotic pain medication at HDSP.  In the prior case, the Court granted Dudley's motion for summary judgment holding that there was no evidence to support Franklin's allegation that he was receiving insufficient medication to treat his pain and that he was officered a safe alternative to the narcotic pain medication.

2:07-CV-2259 at Dkt. 96.  The Court concludes that Defendants have properly shown that the elements of collateral estoppel have been met.  First, the issue in the instant action is identical to the issue in the previous action: whether Defendants improperly denied Franklin narcotic pain medication while he was an inmate at HDSP.  Second, this issue was actually litigated in the prior action.  Dudley filed a motion for summary judgment regarding this issue, to which Franklin filed a response.  *See* 2:07-CV-2259.  Franklin also filed objections to the magistrate judge's report and recommendation and was provided an opportunity to submit evidence to further support his claims.  *Id*.  In addition, Franklin filed a motion to amend the judgment after final judgment had been entered.  *Id*.  Thirdly, this issue was a critical and necessary part of the judgment in the prior action.  Specifically, the court held that Franklin failed to submit any evidence that he was receiving insufficient treatment for his pain and that he was officered a safe alternative to the medication he sought.  If Franklin had produced any evidence to refute these critical findings, the court would have allowed the case to proceed past summary judgment.  Finally, although two of the Defendants in this action were never served in the prior action, the three Defendants' positions regarding Franklin's allegations against them are identical and therefore are in privity with Dudley who was a party that actually litigated the identical issues in the prior action.  *See Washington*, 636 F.3d at 1216.

      Therefore, the Court concludes that Franklin's claims against Defendants must be dismissed because they are precluded from relitigation under the doctrine of collateral estoppel.

1   Because the Court has concluded that the issues involved in Franklin's claims
2   cannot be relitigated as they are precluded by the doctrine of collateral estoppel, it need
3   not reach the issue regarding Franklin's lack of submission of evidence of Defendants'
4   indifference to his medical needs or Miller's qualified immunity.

### III. ORDER

6   Therefore, it is hereby **ORDERED** that Defendants' motion for summary
7   judgment (Dkt. 42) is **GRANTED**, Franklin's claims are **DISMISSED with prejudice**,
8   and this case is **CLOSED**.

9   Dated this 27th day of September, 2012.

BENJAMIN H. SETTLE
United States District Judge